UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID TROUPE,<br><br>                       Plaintiff,<br>    v.<br><br>NANCY FERNELIOUS, DON GRIFITH,<br>KELI A. DELP, JOHN DOE FOOMEY,<br>                       Defendants. | No. C14-5986 RJB/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For:  February 6, 2015** |

Before the Court is Plaintiff's voluntary motion to dismiss.  Dkt. 9.  Defendants have not filed a notice of appearance.   The undersigned recommends that the motion be granted and the case dismissed without prejudice.

## BACKGROUND

Plaintiff, David Troupe, filed his complaint in this 42 U.S.C. § 1983 case on December 17, 2014.  Dkt. 1.  The Court granted in forma pauperis status and ordered the action served. Dkt. 3 and 5. While three of the defendants have waived service, none of them have entered a notice of appearance or answer.  Mr. Troupe's complaint involved the medical treatment he received for a leg wound.  Dkt. 4.

REPORT AND RECOMMENDATION - 1

## DISCUSSION

Federal Rule of Civil Procedure Rule 41(a) governs the voluntary dismissal of an action in federal court. Subject to certain exceptions that do not apply in this case, Fed. R. Civ. P. 41(a)(1)(A) provides Mr. Troupe a right to dismiss his action without court order before the opposing party files either an answer or a motion for summary judgment. *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995) **"**When a plaintiff files a notice of dismissal under 41(a)(1), that act itself 'closes the file.'" *Samho Co. Ltd. V. Sorks-Iturup*, 254 Fed. Appx 569 (9th Cir. 2007); (*citing Duke Energy Trading and Marketing, LLC v. Davis*, 267 F.3d 1042, 1049 (9th Cir.2001). The undersigned considers plaintiff's motion to be equivalent to a notice to dismiss and Plaintiff filed his motion prior to any answer or motion for summary judgment being filed. Accordingly the Court recommends granting the motion and dismissing this action without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on February 6, 2015, as noted in the caption.

DATED this 16th day of January, 2015.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2